IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DON LAWRENCE, et al.,

      Plaintiffs,                    No. CIV S-06-1023 WBS GGH

    vs.

LOUISVILLE LADDER, INC., et al.,

      Defendants.               ORDER

_____/

        The parties submitted on July 31, 2006, a proposed stipulation and order regarding confidentiality and sealing of documents in this litigation.

        Discovery information disclosed in court filings generally is available to the public. See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public").[1]

        Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery. United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). The

---

[1] A party may have the right to protect from public disclosure information which has been produced to the other party only because of discovery, and which has not been filed with the court. Seattle Times v. Rhinehart, 467 U.S. 20, 104 S. Ct. 2199 (1984). Id. at 33, 37, 104 S. Ct. at 2207, 2209.

1  court has great discretion to issue protective orders if discovery causes annoyance,
2  embarrassment, oppression, undue burden, or expense.  B.R.S. Land Investors v. United States,
3  596 F.2d 353, 356 (9th Cir. 1979).  Good cause, however, is required to obtain a protective order.
4  Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir.
5  2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the
6  public can gain access to litigation documents and information produced during discovery unless
7  the party opposing disclosure shows 'good cause' why a protective order is necessary").

8  "Good cause" to bar the public from litigation documents must be more than
9  mere desire.  The party seeking protection must show specific prejudice or harm, including, with
10 respect to individual documents, particular and specific need.  Id.; San Jose Mercury News, Inc.,
11 187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure
12 Before Trial § 11:88.  "If a court finds particularized harm will result from disclosure of
13 information to the public, then it balances the public and private interests to decide whether a
14 protective order is necessary."  Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v.
15 Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

16 Some proposed protective orders enable the parties to designate so much material
17 as "confidential" that, in essence, entire case filings are sealed.  The protective order submitted
18 by the parties has the same potential problem.  This court will not approve a protective order
19 giving blanket authority to the parties to designate what shall be filed under seal.  Especially
20 inappropriate in the proposed protective order submitted herein is a requirement that sealed
21 materials be returned by the court to the submitting party after each hearing in which
22 "confidential" information is utilized.

23 Accordingly, the proposed protective order is disapproved, and will not be signed.
24 Any further attempt to have the court enter a protective order shall contain provisions requiring a
25 \\\\\
26 \\\\\

1 submission by the party attempting to have a particular document/filing submitted under seal

2 which demonstrates good cause for the document/filing sought to be sealed in whole or in part.

3       IT IS SO ORDERED.

4 DATED: 9/20/06                  /s/ Gregory G. Hollows

                                                  UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
lawrence.po