1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DON LAWRENCE and MICHELLE
KRUEGER,

        Plaintiffs,

    v.

LOUISVILLE LADDER, INC. and
DOES 1-25, Inclusive,,

        Defendants.

_____/

NO. CIV. S-06-01023
WBS GGH

PRETRIAL ORDER

----oo0oo----

      A Pretrial Conference was held in this matter,
pursuant to the provisions of Rule 16(d) of the Federal Rules of
Civil Procedure and Local Rule 16-282, on July 30, 2007.  Paul
Wagstaffe appeared as counsel on behalf of plaintiff; Kenneth
Grossfeld appeared as counsel on behalf of defendant.  After
hearing, the court now makes the following findings and orders:

      I.   Jurisdiction-Venue.

1    Jurisdiction is predicated upon 28 U.S.C. § 1332
2  (diversity).  Plaintiffs are citizens of California; defendant
3  Louisville Ladder, Inc. is a Delaware corporation, and the sum
4  involved exceeds $75,000.  Venue is undisputed and is hereby
5  found to be proper.

6    II.  <u>Jury-Nonjury.</u>

7    Both parties have entered a demand for a jury trial.
8  This case will be tried before a jury composed of not less than
9  six members nor more than twelve members. Fed. R. Civ. P. 48.

10    III. <u>Jury Instructions</u>

11    No later than ten court days before the trial date,
12  counsel for plaintiff shall lodge and serve, pursuant to Local
13  Rule 51-163, copies of all jury instructions which plaintiff
14  requests be given.  At that time, counsel for plaintiff shall
15  also file and serve a copy of a proposed form of verdict.

16    No later than seven court days before the trial date,
17  counsel for defendant shall file and serve any objections to the
18  instructions proposed by plaintiff and shall at the same time
19  lodge and serve, pursuant to Local Rule 51-163, copies of any and
20  all jury instructions not already proposed by plaintiff which
21  defendant requests be given.  At that time, counsel for defendant
22  shall also file and serve a copy of any proposed form of verdict
23  and shall also file any objections to plaintiff's proposed form
24  of verdict.

25    No later than four court days before the trial date,
26  counsel for plaintiff shall file and serve any objections to the
27  instructions proposed by defendant and to any proposed form of
28  verdict.

2

1    Pursuant to Local Rule 51-163, any other instructions
2 thereafter presented will be refused unless it is shown either
3 (1) that the necessity for the request arose in the course of
4 trial; could not reasonably have been anticipated prior to trial
5 from the pleadings, discovery or nature of the action; and the
6 request for such additional instructions is presented to the
7 Court as promptly as possible; or (2) that the refusal to give
8 such instructions would constitute plain error.

9    Likewise, any objections to proposed instructions not
10 made in accordance with this order will be overruled as untimely
11 unless it is shown either (1) that the grounds therefor arose in
12 the course of trial and the intention to make such objections is
13 communicated to the Court as promptly as possible, or (2) that
14 the giving of such instructions would constitute plain error.

15    IV.  Voir Dire Questions.
16    No later than fourteen days before the trial date,
17 counsel for each party shall submit all proposed jury voir dire
18 questions.

19    V.   Trial Briefs.
20    No later than fourteen days before the trial date,
21 counsel for each party shall file trial briefs, which shall
22 include any motions in limine, pursuant to Local Rule 16-285.  No
23 later than seven days before trial, the parties may file
24 oppositions, if any, to the motions in limine.

25    VI.  Disputed Factual Issues.
26    The sole remaining claims for trial are (1) plaintiff
27 Don Lawrence's claims against Louisville Ladder, Inc., for strict
28 product liability, based on both design defect and manufacturing

3

1  defect; (2) plaintiff Don Lawrence's claim against Louisville
2  Ladder, Inc., for failure to warn of known defect; (3) plaintiff
3  Don Lawrence's claim against Louisville Ladder, Inc., for
4  negligence; plaintiff Don Lawrence's claims against Louisville
5  Ladder, Inc., for breach of implied warranties of merchantability
6  and fitness for purpose; and (5) plaintiff Michelle Krueger's
7  claim against Louisville Ladder, Inc., for loss of consortium.

8          With respect to these sole remaining causes of action,
9  and any affirmatively pled defenses thereto, all issues of
10  material fact remain in dispute, and are subject to proof at the
11  time of trial.

12          VII. <u>Witnesses.</u>

13          (A)  Plaintiff anticipates calling the witnesses
14  identified at Exhibit "A" attached hereto.

15          (B)  Defendant anticipates calling the witnesses
16  identified at Exhibit "B" attached hereto.

17          (C)  Each party may call any witness designated by any
18  other party.

19          (D)  At the election of the party calling the witness,
20  the direct testimony of any witness may be presented by
21  declaration, to be provided to the court and opposing counsel at
22  least 24 hours before the witness is produced for cross-
23  examination.

24          (E)  No other witnesses will be permitted to testify
25  at trial unless:

26              (1)  all parties stipulate that the witness may
27  testify;

28              (2)  the party offering the witness demonstrates

4

that the witness is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

(3)   the witness was discovered after the Pretrial Conference.

(F)   Testimony of a witness not designated in this Order, which is offered under paragraph VII(E)(3), above, upon the grounds that the witness was discovered after the Pretrial Conference, will not be permitted unless:

(1)   the testimony of the witness could not reasonably have been discovered prior to the Pretrial Conference;

(2)   the court and opposing counsel were promptly notified upon discovery of the testimony; and

(3)   counsel proffered the witness for deposition if time permitted or provided all opposing counsel a reasonable summary of the testimony if time did not permit a deposition.

VIII.   Exhibits.

(A)   Plaintiff intends to offer the exhibits identified at Exhibit "C" attached hereto.

(B)   Defendant anticipates offering the exhibits identified at Exhibit "D" attached hereto.

(C)   Each party may offer any exhibit designated by any other party.

(D)   No other exhibits will be received in evidence unless:

(1)   all parties stipulate that the exhibit may be received in evidence;

(2)   the party offering the exhibit demonstrates

5

1 that the exhibit is for the purpose of rebutting evidence which
2 could not have been reasonably anticipated at the time of the
3 Pretrial Conference; or

4           (3)   the exhibit was discovered after the
5 Pretrial Conference.

6           (E)   An exhibit not designated in this Order, which is
7 offered under paragraph VIII(D)(3), above, upon the grounds that
8 the exhibit was discovered after the Pretrial Conference, will
9 not be received in evidence unless:

10           (1)   the exhibit could not reasonably have been
11 discovered prior to the Pretrial Conference;

12           (2)   the court and opposing counsel were promptly
13 notified upon discovery of the exhibit; and

14           (3)   counsel provided copies of the exhibit to
15 all opposing counsel if physically possible or made the exhibit
16 reasonably available for inspection by all opposing counsel if
17 copying was not physically possible.

18           (F)   Each party shall exchange copies of all exhibits
19 identified in this Order, or make them reasonably available for
20 inspection by all other parties, not later than thirty days
21 before the trial date.  Any and all objections to such exhibits
22 shall be filed and served not later than fourteen days before the
23 trial date.

24           (G)   The attorney for each party is directed to appear
25 before trial and present an original (and if physically possible
26 one copy) of each exhibit to Deputy Clerk Karen Kirksey Smith at
27 8:30 a.m. on the date of trial.

28           (H)   Each exhibit which has been designated in this

1  order and presented on the morning of the date of trial will be
2  marked for identification.  If no objection has been made to such
3  exhibit pursuant to paragraph VIII(F), above, such exhibit will
4  require no further foundation and will be received in evidence
5  upon the motion of any party at trial.

6          IX.  <u>Further Discovery and Motions.</u>

7          No further discovery will be permitted except by the
8  express stipulation of all parties or pursuant to prior court
9  order.  Except for motions in limine, no further motions shall be
10 brought before trial except upon order of the court and for good
11 cause shown.

12          X.   <u>Use of Depositions or Interrogatories.</u>

13         No later than thirty days before the trial date,
14 counsel for each party shall file and serve a statement
15 designating all answers to interrogatories and all portions of
16 depositions intended to be offered or read into evidence, with
17 the exception of portions to be used only for impeachment or
18 rebuttal.  No later than twenty days before the trial date,
19 counsel for any other party may file and serve a counter-
20 designation of other portions of the same depositions intended to
21 be offered or read into evidence and may file evidentiary
22 objections to any other parties' designation.  No later than ten
23 days before the trial date, the parties may file evidentiary
24 objections to any other parties' counter-designation.

25         XI.  <u>Settlement Conference.</u>

26         A Settlement Conference is set before the Honorable
27 Morrison C. England, Jr, at 2:00 p.m. on August 30, 2007.

28     Each party is ordered to have a principal with full

7

1  settlement authority present at the conference or be fully

2  authorized to settle the matter on any terms.  No later than

3  August 16, 2007, counsel for each party shall deliver to the

4  Settlement Judge a confidential Settlement Conference Statement

5  for review.

6              XII. Date and Length of Trial.

7              This case is set for trial at 9:00 a.m. on September

8  18, 2007 in Courtroom No. 5.  The court estimates that trial will

9  last approximately 10 to 12 trial days.

10             XIII.  Daubert Procedure

11             Any challenges based on Daubert v. Merrell Dow

12  Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Kumho Tire Co.  v.

13  Carmichael, 119 S. Ct. 1167 (1999) will be raised and resolved

14  outside the presence of the jury just prior to when the

15  challenged expert will be called to give testimony.  Any

16  challenged expert shall be present for such a challenge, and

17  shall be available for questioning.

18             XIV. Objections to Pretrial Order.

19             Any objections or suggested modifications to this

20  Pretrial Order shall be filed and served within fifteen days from

21  the date of this Order.  All references herein to the date of

22  this Order shall refer to the date the tentative order is filed

23  and not to the date any amended order is filed.  If no objections

24  or modifications are made, this Order will become final without

25  ///

26  ///

27  ///

28  ///

1   further order of the Court and shall control the

2   subsequent course of the action, pursuant to Rule 16(e) of the

3   Federal Rules of Civil Procedure.

4   DATED:   July 31, 2007

5

6   _____

    WILLIAM B. SHUBB

7   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1                                     Exhibit "A"

2 Don Lawrence, 108 Buckley Court, Roseville, CA

3 Michelle Krueger, same address

4 Chaz Lawrence, same address

5 Jennifer Krueger, same address

6 Jessica Krueger, same address

7 Meagan Krueger, same address

8 Kimberly Diane

9 Natalie Esparza-Young

10 Sylvia Hunter

11 Lisa Jones

12 Maureen Swanson

13 Margot Whitney

14 Jim Black (co-worker), 4240 Roseville Road, North Highlands, CA

15 Barry Moody (employer), same address

16 Mark Skvarla (employer), same address

17 Rose Hanke (percipient), Napolanito's Restaurant, 56th and H

18 Streets, Sacramento,CA

19 Thomas L. Read, PhD (ladder expert), 1435 Fulton Road, Santa

20 Rosa, CA

21 Andrew Prints, MD (emergency room physician), Sutter Memorial

22 Hospital, 5151 F Street, Sacramento, CA

23 Rudolph Holguin, MD (occupational medicine physician, through

24 employer's workers comp), Kaiser Roseville, 1001 Riverside

25 Avenue, Roseville, CA

26 Jeffrey Young, MD (occupational medicine physician, through

27 employer's workers comp), 5525 Assembly Court, Suite A,

28 Sacramento, CA

1  Alan Hirahara, MD (orthopedic surgeon), 2801 K Street,
2  Sacramento, CA
3  Matt Osechek, MA (speech pathologist), University of California
4  Davis Medical Center, 4860 Y Street, Sacramento, CA
5  Richard Wanlass, PhD (chief psychologist, physical medicine and
6  rehabilitation), University of California Davis Medical Center,
7  4860 Y Street, Sacramento, CA
8  John Yen, MD (neurosurgeon), Northern California Neurological
9  Surgeons 3939 J Street, Suite 380, Sacramento, CA
10  Gregory W. Sells (rehabilitation), 765 University Avenue, Suite
11  100, Sacramento, CA
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit "B"

Don Lawrence, plaintiff

Michelle Krueger, plaintiff


Mark Skvarla

Barry Moody

James Black

GPS Specialty Construction, Inc.

4240 Roseville Road

North Highlands, CA


Larry Spangler

Superintendent, MP Allen General Contractors

9807 Fair Oaks Blvd.

Carmichael, CA  95608

Expert Witnesses

Dr. Mack Quan

Quan, Smith & Associates

2174 Main Street, Suite 305

El Segundo, CA  90245


Robert R. Herrick, M.D.

Newton Medical Group

180 Grand Avenue, Suite 100

Oakland, CA  94612

12

Gregory W. Sells

Sells & Associates, Inc.

765 University Avenue, Suite 100

Sacramento, CA  95825


Claude S. Munday, Ph.D.

Newton Medical Group

180 Grand Avenue, Suite 100

Oakland, CA  94612


John D. Tickle, President

Strongwell Corporation

400 Commonwealth Avenue

P.O. Box 580

Bristol, VA  24203


Don Gibson, Vice President of Engineering

or Lori J. Bremick, Safety Engineer

Louisville Ladder, Inc.

7765 National Turnpike, Unit 190

Louisville, KY  40214


Plaintiff's treating physicians, as needed:

13

Andrew Prints, M.D.

8977 Cape Windhanm

Orangevale, CA  95662


John K. H. Yen, M.D.

Northern California Neurological Surgeons

3939 J Street, Suite 380

Sacramento, CA  95819


Rudolph J. Holguin, M.D.

Kaiser Roseville

1001 Riverside Boulevard

Roseville, CA  95678


Jeffrey Young, M.D.

5525 Assembly Court, Ste. A

Sacramento, CA  95823


Alan M. Hirahara, M.D.

2801 K Street, Suite 330

Sacramento, CA  95816

Exhibit "C"

The subject ladder

Photographs of the subject ladder as provided in discovery by either party

The initial incident reports and first report of injury prepared by Plaintiff's employer GPS Construction

Records, reports, and data relating to the subject ladder as provided in discovery by Defendant

Records, reports, and data from the testing of the ladder in this case

Expert disclosure documents relating to Thomas Read, PhD, and Mac Quan, PhD

Reports by Thomas Read, PhD, and Mac Quan, PhD

Underlying data prepared or utilized by Thomas Read, PhD, and Mac Quan, PhD

Medical bills, records, and reports contained in the subpoenaed records of Sutter Medical Center, Andrew Prints, MD, Rudolph Holguin, MD, Jeffrey Young, MD, Alan Hirahara, MD, Matt Osechek, MA, Richard Wanlass, PhD, and John Yen, MD

Plaintiff Don Lawrence's federal tax returns for 2003, 2004, and 2005

Plaintiff Don Lawrence's earnings statement from GPS Construction for the pay period ending 11/12/05

Plaintiff Don Lawrence hiring agreement and hiring records from GPS Construction

1  Earnings record from Magoo's Automotive Consultants, Inc.

2  The workers compensation file and all records and documents

3  contained therein

4  Records, reports, and data contained in the file of Gregory Sells

5  Summary of medical expenses and lost earnings

7  The following deposition transcripts, including the exhibits

8  attached thereto: Don Lawrence, Michelle Krueger, Jim Black,

9  Barry Moody, Mark Skvarla, Thomas Read, PhD, Andrew Prints, MD,

10 Rudolph Holguin, MD, Jeffrey Young, MD, Alan Hirahara,

11 MD, Matt Osechek, MA, Richard Wanlass, PhD, John Yen, MD, Mac

12 Quan, PhD, Robert Herrick, MD, Claude Munday, PhD, and Gregory

13 Sells.

Exhibit "D"

Photographs (7) taken on November 3, 2005 by Barry Moody, of GPS Specialty Construction, Inc., of accident ladder and job site.

Application for employment completed by Don Lawrence for GPS Specialty Construction, Inc.

Employment Agreement dated July 18,2005 between Don Lawrence and GPS Specialty Construction, Inc.

Witness statement of co-employee James Black, dated November 4, 2005.

Photograph taken November 3,2005 marked by James Black during his deposition.

Records of attendance of Don Lawrence at ladder safety meetings of GPS Specialty Construction, Inc.

Portion of safety manual of GPS Specialty Construction, Inc. dealing with ladder safety, along with acknowledgement of receipt by Don Lawrence on July 12, 2005.

17

Drawing done by Don Lawrence during his deposition on February 13, 2007.

Design documents for this model ladder.

Exemplars of labels on this model of ladder.

Exemplars of this model of ladder.

Records of manufacturer's testing of this model ladder.

Records of testing of the fiberglass rails by Strongwell Corporation.

Expert report of Gregory Sells, dated March 26, 2007.

Expert report of Claude S. Munday, Ph.D., dated March 14, 2007.

Expert report of Dr. Robert Herrick, dated December 11, 2006.

Supplemental expert report of Dr. Robert Herrick, dated November 3, 2005.

Expert report of Dr. Mack Quan, dated March 19, 2005,

18

with exhibits as follows:

Exemplar Ladders Used in Testing;

Video of March 23, 2007 Testing;

Video of June 1, 2007 Testing;

Photographs from March 23, 2007 Testing (72 photographs);

Photographs of Inspection on February 13, 2007 (71 photographs);

Photographs of Inspection on April 5, 2006 (257 photographs);

Photographs of Inspection on June 1, 2007 (135 photographs);

Computer generated document depicting accident ladder;

Photographs of Post Accident Configuration – Site (2 photographs);

Photographs of Use of Foot Spikes (2 photographs);

Photograph of accident ladder showing "No Furrows…";

Photograph of accident ladder showing rail damage;

Photograph of accident ladder showing movement of feet;

Computer generated documents showing Accident Site (3);

Computer generated documents showing Accident Configuration (3);

19

Computer generated document showing Loads on Ladder
– Accident Configuration;

Computer generated document showing Loads on Ladder
– Climbing Ladder on 4th Rung;

Photographs showing User Test (2);

Photographs showing Inclined Load Test (2);

Photographs showing Damaged Ladder Test (2);

Photographs showing Ladder Impact Test (2)

Photographs showing Ladder Impact Test – Damage
Comparison (4);

Computer generated document showing – Ladder Feet
Slip Rearward on Sloped Dirt or Loose Gravel;

Computer generated document showing – Ladder Feet
Slip Rearward, Top of Ladder Clears Awning Frame;

Computer generated document showing – Top of Ladder
Rotates Towards Building, Man Falling;

Computer generated document showing – Impact of
Ladder Near 5th Rung;

Computer generated document showing – Fall onto
Ladder Near 5th Rung;

Photographs of ladder rail manufacturing –
Pultrusion;

Title 8 – General Industry Safety Orders 3276 and
3277;

CAL/OSHA Article 25 – Sections 1675-1678;

Subpart X – Stairways and Ladders §1926.1053 and §1926.1060.

Supplemental expert report of Dr. Mack Quan, to be provided after the ladder testing has been completed, along with any photographs and exhibits.

Plaintiff's medical records:

Records of Emergency Room examination and treatment of Don Lawrence by Dr. Andrew Prints on November 3, 2005, including an addendum prepared by Dr. Prints;

Records of examination and treatment of Don Lawrence by Dr. Rudolph Holguin, including a patient's pain diagram prepared on the initial visit and reports of office visits on November 8, 2005; November 15, 2005; November 22, 2005; December 13, 2005; January 10, 2006; and February 13, 2006;

Report of Dr. John Yen, dated December 28, 2005, to Dr. Holguin.